**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION FILE** |
| | : | |
| **ALEJANDRO** | : | **NO. 1:09-CR-359-RWS-AJB** |
| **ACOSTA-SOBERANIS,** | : | **NO. 1:09-CR-361-RWS-AJB** |
| | : | |
| **Defendant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S
<u>NON-FINAL REPORT AND RECOMMENDATION</u>**

Before the Court is the issue whether Defendant Alejandro Acosta-Soberanis ("Soberanis") is "dangerous" under 18 U.S.C. § 4246. For the reasons below, the undersigned **RECOMMENDS** that Soberanis be declared **NOT DANGEROUS** under 18 U.S.C. § 4246. Soberanis also has filed a motion to dismiss the indictment. [Doc. 235 in 1:09-cr-359; Doc. 510 in 1:09-cr-361]. For the reasons that follow, the Court **RECOMMENDS** that the motion to dismiss be **DENIED**.

**I. Procedural History**

The relevant procedural history is as follows.

Soberanis is charged in the indictment in Case No. 1:09-CR-359-RWS-AJB with conspiring to distribute and possess with the intent to distribute at least five kilograms of cocaine (Count One), two counts of possessing with the intent to distribute at least

five kilograms of cocaine (Count Three and Five), and conspiring to launder money (Count Six). [Doc. 22 at 1-7 in 1:09-CR-359-RWS-AJB].[1] Soberanis is charged in the superseding indictment in Case No. 1:09-CR-361-RWS-AJB with conspiring to distribute and possess with the intent to distribute at least five kilograms of cocaine (Count One), conspiring to launder money (Count Four), and money laundering (Count Seven). [Doc. 82 at 2-7, 9-10 in 1:09-CR-361-RWS-AJB]. Soberanis was arraigned on August 7, 2009 (Case No. 1:09-CR-359-RWS-AJB) and September 4, 2009 (Case No. 1:09-CR-361-RWS-AJB), and pleaded not guilty. [Doc. 48; Doc. 133 in Case No. 1:09-CR-361-RWS-AJB].

On October 8, 2009, Soberanis moved for a psychiatric exam to determine his competency to stand trial and his mental condition at the time of the alleged offenses. [Doc. 90]. The undersigned granted the motion on October 19, 2009, authorizing Dr. Adriana Flores, Ph.D., to examine Soberanis at the Corrections Center where he was then incarcerated. [Doc. 92].

On December 1 and 2, 2009, two under-seal motions were filed by Defendant. [Docs. 102, 103]. On December 11, 2009, addressing the motions, the undersigned

---

[1] Unless otherwise indicated, all docket citations are references to Case No. 1:09-CR-0359-RWS-AJB.

noted the parties' agreement that Soberanis should undergo a mental-competency examination and should be evaluated at the Federal Medical Center in Butner, North Carolina ("FMC Butner") or some other similar federal medical facility, and the undersigned thus committed Soberanis to the custody of the Attorney General for this purpose. [Doc. 105].

A letter from the warden at FMC Butner to the undersigned dated March 31, 2010, and accompanied by a psychiatric evaluation dated March 23, 2010, indicates that Soberanis was not then competent to stand trial but was restorable. (Gov't Ex. 1).[2]

On April 5, 2010, the undersigned noted the following: (1) on April 2, 2010, the Court received a mental-competency report dated March 31, 2010, concluding that Soberanis was mentally incompetent to stand trial; (2) neither party objected to the findings made in the report; and (3) the Court found by a preponderance of the evidence that Soberanis was then suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

---

[2] All cited exhibits refer to exhibits presented at the November 9, 2011, competency hearing.

3

[Doc. 119 at 1]. The undersigned therefore ordered Soberanis committed to the custody of the Attorney General and ordered the Attorney General to hospitalize Soberanis in a suitable facility for a reasonable period of time, not to exceed four months, as was necessary to determine whether there was a substantial probability that in the foreseeable future Soberanis would attain the capacity to permit the trial to proceed. [*Id.* at 1-2].

A letter from the warden at FMC Butner to the undersigned dated August 30, 2010, and accompanied by a psychiatric evaluation dated August 3, 2010, indicates that Soberanis was competent to stand trial. (Gov't Ex. 2).

On September 29, 2010, the undersigned set a competency hearing for November 15, 2010, [Doc. 141], although this was later rescheduled for December 21, 2010, [Doc. 146].

Following a telephone conference on November 23, 2010, [Doc. 147], the undersigned ordered Soberanis transferred from his then-current facility, Geo-Care, to the FMC Butner for further evaluation and treatment pending his December 21, 2010, competency hearing, [Doc. 148]. On December 21, 2010, the competency hearing was again rescheduled, for January 24, 2011, [Doc. 152], and the Order directing

4

Soberanis's transfer from Geo-Care to FMC Butner was rescinded on December 27, 2010, [Doc. 153].

On January 24, 2011, a status conference was held in lieu of a competency hearing, [Doc. 155], and the undersigned entered an Order (1) finding, by consent of the parties, that Soberanis was suffering from severe depression rendering him mentally incompetent to stand trial, (2) noting that the parties' respective experts believed that Soberanis's competency was restorable, and (3) ordering Soberanis committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) to determine whether there was a substantial possibility that in the foreseeable future he would attain the capacity to permit the proceeding to go forward, [Doc. 156 at 1]. The Court strongly recommended that the Bureau of Prisons designate Soberanis to FMC Butner for his competency-restoration proceedings. [Doc. 156 at 1].

A competency hearing was set for July 27, 2011, [*see* Dkt. Entry dated 06/28/11], but a telephone conference was held instead, [Doc. 171]. At the telephone conference, the Government indicated that it was waiting on another report from FMC Butner to see if Soberanis was competent or restorable. [Doc. 171].

A letter from the warden at FMC Butner to the undersigned dated August 1, 2011, and accompanied by a psychiatric evaluation dated July 29, 2011, indicates that

5

Soberanis was not competent to stand trial, nor was there a substantial possibility that his competency would be restored in the foreseeable future. (Gov't Ex. 3).

On August 11, 2011, the undersigned entered an Order (1) noting that on August 1, 2011, evaluators at Butner opined that Soberanis was not competent and that there "is not a substantial probability that his competency will be restored in the foreseeable future," (2) directing that Soberanis remain in the custody of the Attorney General for designation to a Medical Referral Center to undergo a risk assessment pursuant to 18 U.S.C. § 4246, and (3) strongly recommending that Soberanis remain at FMC Butner for this risk assessment. [Doc. 172].

A letter from the warden at FMC Butner to the undersigned dated August 26, 2011, and accompanied by a psychiatric evaluation dated August 23, 2011, indicates that Soberanis was "not suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damages to the property of another." (Gov't Ex. 4).

On September 9, 2011, a competency hearing was set for October 13, 2011, but because Soberanis tended to decompensate when transferred between facilities, the undersigned ordered that Soberanis remain at FMC Butner until further order of the

AO 72A
(Rev.8/8
2)

Court. [Doc. 178]. The competency hearing was later rescheduled for November 9, 2011. [Doc. 185].

On October 25, 2011, the parties stipulated to the admission of forensic evaluation reports dated March 23 and August 3, 2010, and July 29, 2011, with cover letters dated August 1, 23, and 29, 2011. [Doc. 196].[3]

On November 9, 2011, a competency hearing was held by video conference. Soberanis and his counsel were at Butner and government counsel, its expert witness and case agent, and the defense expert, were physically present in court before the undersigned. [Doc. 201; Doc. 204 (Transcript)]. Forensic psychologist Dr. Glenn W. Ahava and DEA Agent Thomas Jackson testified, exhibits were admitted, and the hearing was to be continued until December 5, 2011. [Doc. 201].

A telephone conference was held on November 22, 2011. [*See* Dkt. Entry dated 11/22/11]. At the telephone conference, (1) the Government announced that it was not going to rely on Dr. Ahava's testimony and moved that his testimony be stricken; (2) the undersigned denied the Government's request to engage a new expert on the issue of competency and restorability; (3) the Government concluded that additional

---

[3] The undersigned notes that the dates indicated to be the dates of the cover letters are incorrect.

examination of defense witnesses was not necessary in light of the Court's rulings; (4) the undersigned indicated that it would recommend to the District Judge that Soberanis is currently not competent to stand trial and is not restorable; and (5) the Government moved that the dangerousness committee at Butner reconsider its no-dangerousness conclusion in light of Agent Jackson's testimony and other evidence, and Soberanis did not object. [*Id.*]. The hearing scheduled for December 5, 2011, was postponed until further notice following reconsideration of Soberanis's dangerousness by the committee at Butner. [*Id.*].

On December 8, 2011, the undersigned directed the Risk Assessment Panel ("Risk Panel" or "Panel") at FMC Butner to provide a report within ten days stating (1) whether it considered new evidence in reassessing Soberanis's dangerousness in conjunction with 18 U.S.C. § 4246, (2) the nature of the new evidence considered by the Panel, (3) whether the Panel had changed its opinion as a result of the new evidence, and (4) a detailed statement of reasons supporting its decision. [Doc. 208 ("December 2011 Order")].

A letter from the warden at FMC Butner to the undersigned dated December 14, 2011, is accompanied by a "forensic addendum" dated December 13, 2011 ("December 2011 Forensic Addendum" or "Forensic Addendum"), and completed by

AO 72A
(Rev.8/8
2)

Deputy Chief Psychologist Edwards Landis, Ph.D., and Jean P. Zula, M.D., (*id.* at 5). The Forensic Addendum addressed the questions identified in the December 2011 Order, ultimately concluding that the new evidence did not change the treatment team and Risk Panel's opinion regarding Soberanis's status with respect to the criteria set forth in 18 U.S.C. § 4246. (December 2011 Forensic Addendum at 2-5).

On December 21, 2011, a telephone conference was held, and the undersigned directed the Government to write the psychiatrists who wrote the December 14, 2011, report for Soberanis and to ask for clarification. [Doc. 212].

On December 29, 2011, Chief Psychiatrist Dr. Zula responded to the Government's clarification request (carbon copied by fax to the undersigned).

On January 17, 2012, the Government filed its "Memorandum of Law Regarding Competency Proceedings of Defendant Alejandro Acosta-Soberanis." [Doc. 214].

On April 3, 2012, the undersigned issued a Report and Recommendation ("R&R") recommending that Soberanis be declared not competent to stand trial and not restorable. [Doc. 224 at 41 (R&R at 39)]. Although noting that Soberanis could easily be declared not dangerous based on the unrebutted evidence in the case, [*id.* at 48 (R&R at 46)], the undersigned discussed how the procedural awkwardness of 18 U.S.C. § 4246 prevented the Court from conducting a dangerousness hearing without a facility

9

director's certification, [*id.* at 42-46 (R&R at 42-44)]. The undersigned therefore recommended that the District Judge direct the Attorney General to ensure that a formal certification on the issue of dangerousness under § 4246 be made from the Director of FMC Butner. [*Id.* at 48-50 (R&R at 46-48)].

The Government objected to the undersigned's R&R, [Doc. 227], and Plaintiff responded, [Doc. 229].

On May 15, 2012, the District Judge adopted the undersigned's R&R as the opinion and order of the Court. [Doc. 231 at 1-2]. The District Judge declared Soberanis not competent to stand trial and not restorable but stated that the Court was precluded at that time from determining Soberanis's dangerousness. [*Id.* at 2]. The District Judge therefore directed the Attorney General to seek formal certification under 18 U.S.C. § 4246 from the Director of FMC Butner stating whether

> (1) Soberanis "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and . . . suitable arrangements for State custody and care of the person are not available," 18 U.S.C. § 4246(a) or (2) Soberanis would not "create a substantial risk of bodily injury to another person or serious damage to property of another" as a result of a mental disease or defect, 18 U.S.C. § 4246(e). Said Certification shall be filed with the Court not later than thirty (30) days from the entry of this Order. If the answer is the latter, the case shall be **REFERRED** back to Judge Baverman for an appropriate hearing on the issue of dangerousness.

10

[Doc. 231 at 2].

The staff psychiatrist at FMC Butner subsequently sent the Court a report indicating that the treatment team at Butner opined that "as a result of [Defendant's] mental disease or defect, his release will not create a substantial risk of bodily injury to another person or serious damage to property of another." [Doc. 234 at 1]. Thus, on June 14, 2012, the District Judge entered an order referring the case to the undersigned for a hearing on the issue of dangerousness. [Doc. 234].

On June 14, 2012, Soberanis filed a motion to dismiss the indictment, [Doc. 235], which remains pending.[4]

On June 21, 2012, the undersigned conducted a status conference with the parties. [*See* Doc. 236]. An evidentiary hearing was set for July 18, 2012. [*See id.*].

On July 13, 2012, the undersigned conducted a telephone conference with the parties. [*See* Doc. 239]. At that conference, the Government indicated that it would not be presenting any additional evidence on the issue of dangerousness at the July 18, 2012, hearing. [*See id.*]. The parties agreed to a stipulated record on the issue of dangerousness, and thus the July 18, 2012, hearing was canceled. [*See id.*].

---

[4] The response and reply were respectively filed on July 5 and 10, 2012. [Docs. 237, 238].

11

## II. Dangerousness

The uncontested evidence in this case indicates that Soberanis is not dangerous as defined under § 4246. This evidence was discussed at length in the undersigned's earlier R&R, [Doc. 224 at 18-29 (R&R at 16-27)], and the staff at FMC Butner has subsequently certified to the Court that he is not dangerous, [*see* Doc. 234 at 1]. Because this evidence is unrebutted, the undersigned **RECOMMENDS** that Soberanis be declared **NOT DANGEROUS** under 18 U.S.C. § 4246.

## III. Motion to Dismiss

### A. Contentions of the Parties

In Soberanis' motion to dismiss, he merely notes that since he is incompetent and not restorable, the charges should be dismissed against him with prejudice pursuant to Federal Rule of Criminal Procedure 48(a). [Doc. 235 at 3].[5]

In response, the government argues that dismissal is not warranted under Rule 48(a), because that provision only deals with dismissals by the government, which is not seeking dismissal of the indictment. [Doc. 237 at 2]. The government next argues that even if the motion to dismiss is construed to seek dismissal of the indictment pursuant to Rule 48(b), that provision only requires dismissal where there

---

[5] Again, the references are to the motion and response filed in 1:09-cr-359.

12

AO 72A (Rev.8/82)

is unnecessary delay in bringing a defendant to trial, and here there is no unnecessary delay. The government also contends that dismissal under Rule 48(b) is mandatory only where a defendant's constitutional rights have been violated, and here there is no constitutional violation, since any delay has been necessitated by the defendant's incompetency. [Doc. 237 at 2-3]. The government also notes that the charges against the defendant are serious and that society has a significant interest in bringing the defendant to trial if he later is deemed competent, and thus the charges should not be dismissed. [*Id.* at 3].

In the alternative, without waiving its arguments as to Soberanis' ability to be restored or his § 4246 dangerousness, which arguments the government made in a number of other filings, the government states that it recognizes that Soberanis has been declared incompetent, not restorable and not dangerous, and that he likely could not be held indefinitely. The government therefore suggests that Soberanis be released on bond in this case, and turned over to immigration officials for removal to Mexico, such that if he returns to the United States, he could be tried on these charges if he were deemed competent at that time. [*Id.* at 4]. In a second alternative, the government contends that if the Court were inclined to dismiss the charges, it should do so without

13

prejudice, so that if the defendant were found competent, he would stand trial on these charges. [*Id.* at 4-5].

In reply, Soberanis argues that the government should move to dismiss the charges because he cannot be tried, and if he were released to immigration custody, he could be held for life without charges, and without the benefit of counsel. [Doc. 238 at 2-3].

**B.   Discussion**

The Court concludes that dismissal of the charges against Soberanis is not mandated by any law, rule or precedent, and the Court is without authority to order the government to dismiss the charges in this case.

First, Soberanis does not explain how the Court can dismiss the indictment under Rule 48(a), which requires a government motion, nor what authority exists to allow the Court to compel the government to dismiss the indictment under that Rule. *See* Rule 48(a). The Court has located no case which authorizes a Rule 48(a) dismissal in the absence of a government motion. *See also United States v. Hill*, 643 F.3d 807, 863 (11th Cir. 2011) (" 'Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding

14

once brought.' ") (quoting *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967)). Thus, Soberanis' motion to dismiss under Rule 48(a) is due to be denied.

Second, if Soberanis's motion is construed to seek relief under Rule 48(b), that provision only permits dismissal in the case of unnecessary delay in bringing a defendant to trial, *see* Rule 48(b)(3), and dismissal is only mandatory if the defendant's constitutional rights to a speedy trial have been violated. *United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009). Defendant's incompetence justified and continues to justify any delay in this proceeding, and as a result, there is no constitutional Speedy Trial violation. *See Lokos v. Capps*, 625 F.2d 1258, 1268 n.5 (5th Cir. 1980) (recognizing that delay due to defendant's incompetence does not deprive defendant of right to speedy trial) (citing *Howard v. United States*, 261 F.2d 729 (5th Cir. 1958)); *United States v. Manetta*, 551 F.2d 1352, 1354 (5th Cir. 1977) (affirming denial of dismissal motion for Speedy Trial violation where defendant was incompetent and did not demonstrate prejudice nor purposeful delay by government to obtain a trial advantage). As a result, Soberanis' construed motion under Rule 48(b) also fails.

15

Since the Court agrees with the government that Rule 48 does not mandate dismissal in this matter, the Court need not discuss whether dismissal should be with or without prejudice.

For these reasons, the undersigned **RECOMMENDS** that Soberanis' motion to dismiss the indictments, [Doc. 235 in 1:09-cr-359; Doc. 510 in 1:09-cr-361], be **DENIED**.

As for the government's alternative request that Soberanis be released on bond pursuant to the immigration detainer, the Court agrees that this is an appropriate resolution. The defendant cannot be held indefinitely once the District Court concludes that Soberanis is neither competent, restorable nor dangerous under § 4246. A trial in the near future is not likely due to the defendant's mental state, however, the public and the government have a right to have an on-the-merits determination of the charges against the defendant if he is deemed competent in the future. Thus, release on bond is an appropriate safeguard of the public and the government's interests and the defendant's interest not to be indefinitely detained.

The Court rejects Soberanis' argument that his release to immigration custody will result in his indefinite immigration detention. He has remedies for an indefinite immigration detention. *Benitez v. Wallis*, 402 F.3d 1133 (11th Cir. 2005). As a result,
16

AO 72A
(Rev.8/82)

the undersigned **RECOMMENDS** that, if the District Court adopts the recommendations in this R&R that Soberanis be found not dangerous under § 4246 and that the indictment not be dismissed, this matter be referred back to the undersigned for a hearing on the appropriate conditions of release to be imposed upon Soberanis.

**IV.    Conclusion**

For the reasons above, the undersigned **RECOMMENDS** that Soberanis be declared **NOT DANGEROUS** under 18 U.S.C. § 4246.  Further, the undersigned **RECOMMENDS** that Soberanis' motion to dismiss, [Doc. 235 in 1:09-cr-359; Doc. 510 in 1:09-cr-361], be **DENIED**.  Finally, the undersigned **RECOMMENDS** that, if the District Court adopts the recommendations in this R&R that Soberanis be found not dangerous under § 4246 and that the indictment not be dismissed, this matter be referred back to the undersigned for a hearing on the appropriate conditions of release to be imposed upon Soberanis.

**IT IS SO RECOMMENDED,** this the 17th day of August, 2012.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)